UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY L. HOLIFIELD,<br><br>    Petitioner,<br><br>vs.<br><br>SUPERINTENDENT, Southport Correctional Facility,<br><br>    Respondent. | Case No. 9:06-CV-1396 (JKS) |

APPEARANCES:                                           OF COUNSEL:

    HENRY L. HOLIFIELD
    03-B-1438
    Southport Correctional Facility
    P.O. Box 2000
    Pine City, New York 14871
    Petitioner, pro se

    ANDREW M. CUOMO                              Alyson J. Gill
    Attorney General of the State of New York    Assistant Attorney General
    120 Broadway
    New York, New York 10271

BEFORE:

    JAMES K. SINGLETON, JR.
    Senior United States District Judge

**MEMORANDUM-DECISION AND ORDER**

    Henry Holifield, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2003 judgment of conviction entered in the Onondaga County Court on charges of first degree murder, second degree possession of a weapon, first degree robbery, and grand larceny in the fourth degree. Petitioner's sole claim is that the jury's verdict was against the weight of the evidence. *See* Docket No. 1 (Pet.). The Government has filed a Response. *See* Docket Nos. 6 (Response); 7 (Mem.). Petitioner did not file a Traverse.

## BACKGROUND

Petitioner was indicted in Onondaga County Court for the April 2003 murder of Jonathan Perry.  At trial, the People sought to prove that Petitioner and his girlfriend, Marteasha Glen, planned to rob Perry in his home.  As part of that plan, Petitioner lured Perry into the basement and shot him in the back of the head.  Petitioner and Glen stole Perry's wallet and car along with other valuable items from the home.  The two then embarked on a spending spree with Perry's credit cards buying wedding rings, electronics and clothing.  In support of this version of events, the People introduced Petitioner's detailed confession to police along with the testimony of store employees who identified Petitioner as the male who used Perry's credit card to purchase merchandise from their stores.  The People also introduced some of the merchandise recovered from Petitioner's apartment and a local pawn shop.  A .38-caliber revolver, identified as the murder weapon by forensic experts, was also recovered based on information from Petitioner and Glen.  Petitioner testified at trial that Glen had killed Perry without his knowledge or assistance and that he falsely confessed to protect her.  The jury found Petitioner guilty on all counts.

Petitioner raised his current claim on direct review.  *See* Docket No. 9, Attach. 1.  The Appellate Division refused to reweigh the evidence and affirmed the convictions in a reasoned decision.  *People v. Holifield*, 27 A.D.3d 1163 (N.Y. App. Div. 4th Dep't 2006) (available in the record at Docket No. 9, Attach. 6).  The Court of Appeals denied review on April 4, 2006.  *People v. Holifield*, 6 N.Y.3d 848 (2006) (available in the record at Docket No. 9, Attach. 8).  The instant petition was timely filed on November 17, 2006.  *See* Docket No. 1.

## LEGAL STANDARD

Because the instant petition was filed after April 24, 1996, any claim therein that was adjudicated by a state court on the merits is governed by the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001).  A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds.  *Id.* at 311-12.  This is so, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law."  *Id*. at 312.

Under the deferential standard of review imposed by AEDPA, a writ of habeas corpus shall not be granted unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." *Id*. To qualify as "unreasonable," it must be objectively unreasonable, a substantially higher threshold than merely incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1939 (2007).

The Supreme Court has also explained that clearly established Federal law "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. In the absence of a holding of the Supreme Court regarding the issue presented on habeas review, "it cannot be said that the state court unreasonably applied clearly established Federal law." *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654 (2006) (internal quotation marks removed). Finally, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome. *Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

In applying this standard, this Court reviews the last reasoned decision by a state court. *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). The Court presumes that the state court's findings of fact are correct, unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The

presumption of correctness applies to findings by both state trial and appellate courts. *Whitaker v. Meachum*, 123 F.3d 714, 715 n.1 (2d Cir. 1997).

Claims that have not been adjudicated by a state court on the merits are reviewed *de novo* based on the record before the Court. *See Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003).

## DISCUSSION

Petitioner asserts that the jury's verdict is against the weight of the evidence. Specifically, he points to the absence of physical evidence directly linking him to the crime scene and reiterates his claim that he falsely confessed to protect Glen. Docket No. 1 at 6. Respondent argues that Petitioner's claim is based on state law and not cognizable on federal habeas review. Docket No. 7 at 15. Respondent also argues that, if the Court deems the Petitioner to have raised the closely related and federally cognizable claim of insufficiency of the evidence, the Court should find that claim unexhausted as only the state law claim was presented to the state courts for review. *Id*. Lastly, Respondent argues that an insufficiency of the evidence claim would now be procedurally barred by state law and is otherwise without merit. *Id*.

Petitioner's plainly stated argument that the jury's verdict is against the weight of the evidence is not cognizable on federal habeas review. "[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal; we defer to the jury's assessments of both of these issues." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996). As Petitioner is pro se and his pleadings must be construed liberally, the Court will construe his petitions both before the Appellate Division and this Court as pleading the closely related claim of insufficiency of the evidence.

The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). This court must, therefore, determine whether the decision of the Appellate Division on the merits unreasonably applied *Jackson*.

Petitioner mistakenly believes it is within the purview of this Court to reassess the credibility of witnesses and ultimately reweigh the evidence. Under *Jackson*, the role of this Court is to simply

determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction of the crime as prescribed by state law. That such evidence exists is clearly established by the record in this case. Petitioner confessed to all the crimes for which he was charged. The detailed confession matched the physical evidence and the testimony of the store clerks linking Petitioner to the post-murder shopping spree. It was the province of the jury to weigh this evidence against Petitioner's recantation. Given the record in this case, it is clear that the evidence was sufficient to sustain the jury's verdict. Accordingly, the Court cannot find the state decision was contrary to or an unreasonable application of *Jackson*.

## CONCLUSION

Petitioner's claim that the evidence is insufficient to support the verdict of the jury is clearly without merit. The decision of the Appellate Division to reject this claim cannot be said to be contrary to or an unreasonable application of clearly established federal law. Further, as reasonable jurists could not disagree that the error alleged by Petitioner fails on the merits, the Court declines to issue a Certificate of Appealability.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for writ of habeas corpus is DENIED;

2. The Court declines to issue a Certificate of Appealability; and

3. The Clerk shall enter judgment accordingly.

Dated this the 22nd day of January 2009.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[1] A district court may grant a certificate of appealability only if a petitioner makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 482 (2000) (internal quotation marks and citations omitted).